# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**DEBORAH A HUDSON,**            }
                                 }
    **Plaintiff,**              }
                                 }
**v.**                           }   **Case No.:  2:07-CV-01542-TMP**
                                 }
**THE BOARD OF TRUSTEES OF**     }
**THE UNIVERSITY OF ALABAMA,**   }
                                 }
    **Defendant.**              }

## MEMORANDUM OPINION

Pending before the court is Defendant's Objection to Magistrate's Report and Recommendation (Doc. # 8), filed on February 11, 2009.  In its Objection, Defendant argues that, in addition to dismissing Plaintiff's age discrimination and retaliation claims, the magistrate should also have dismissed Plaintiff's claim under Title VII, 42 U.S.C. § 2000e et seq. (because Plaintiff failed to make the requisite allegations with sufficient particularity), and her claims under 42 U.S.C. § 1981 (on Eleventh Amendment immunity grounds).  Defendant admits that it did not specifically address the Eleventh Amendment immunity issue in its Motion to Dismiss.  Nonetheless, it argues that its is immune from Plaintiff's claim under 42 U.S.C. § 1981.

On January 26, 2009, the magistrate judge filed a report and recommendation recommending that Defendant's motion to dismiss be granted in part and denied in part.  The parties were notified that they may file specific written objections to the report and recommendation within fifteen days.  Defendant was the only party to object to the magistrate judge's report and recommendation.

On March 10, 2009, in connection with the court's review of Defendant's Objection to Magistrate's Report and Recommendation, the court issued a Show Cause Order directing Plaintiff

to show good cause within eleven days why her claim under 42 U.S.C. § 1981 should not be dismissed on subject matter jurisdictional grounds based upon Defendant's Eleventh Amendment immunity. Plaintiff failed to make any submission in support of her § 1981 claims in that she has not filed an objection to the magistrate's report and recommendation or a response to the court's show cause order. Thus, Defendant's objection to the magistrate's report and recommendation is now ripe for review.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED, IN PART**.

1.	The court **EXPRESSLY FINDS** that Defendant's motion to dismiss Plaintiff's claims for age discrimination and retaliation should be **GRANTED**.

2.	The court further **EXPRESSLY FINDS** that Defendant's motion to dismiss Plaintiff's promotion claims under Title VII should be **DENIED**.

3.	The court further **EXPRESSLY FINDS** that Defendant's motion to dismiss Plaintiff's claims under 42 U.S.C. § 1981 should be **GRANTED**. Defendant is entitled to Eleventh Amendment immunity on Plaintiff's Section 1981 claims. "Section 1981 contains no congressional waiver of the state's eleventh amendment immunity." *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir.1981) (holding that the district court erroneously denied a motion to dismiss a § 1981 claim on the basis of Eleventh Amendment immunity)*; see also Early v. Southern University & Agr. & Mechanical College Bd. of Sup'rs*, 252 Fed.Appx. 698, 700 (5th Cir. 2007) (holding that it was error for the district court to deny a motion to dismiss a § 1981 claim on the basis of Eleventh Amendment immunity).

The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ___30th___ day of March, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE